

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. O-3445
Re: Can a contribution of $10.00
to the County Judges' and
Commissioners' Association
of Texas be paid out of county
funds, or should said amount
be paid by the county judge
and commissioners personally?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"The County Judges' and Commissioners Assn of Texas has taken up with Comm Court of this county, for a $10.00 donation to said assn. In making a contribution should the money be paid by said County Judge and Commissioners or out of the County funds?"

Section 52 of Article 3 of the State Constitution reads in part as follows:

"Sec. 52. The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . ."

We quote from Texas Jurisprudence, Vol. 11, pages 563-4-5, as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

> "Counties, being component parts of
> the State, have no powers or duties except
> those which are clearly set forth and de-
> fined in the Constitution and statutes. The
> statutes have clearly defined the powers,
> prescribed the duties, and imposed the lia-
> bility of the commissioners court, the medium
> through which the different counties act, and
> from these statutes must come all the author-
> ity vested in the counties. . . . Commissioners
> courts are courts of limited jurisdiction
> and their authority extends only to matters
> pertaining to the general welfare of their
> respective counties and their powers are
> only those expressly or impliedly conferred
> upon them by law, that is, by the Constitu-
> tion and statutes of this State."

There is no statute in this State that expressly
or by implication authorizes the Commissioners' Court to
make the expenditure above mentioned. Therefore, you are
respectfully advised that it is the opinion of this depart-
ment that the Commissioners' Court has no authority what-
soever to pay the above mentioned amount or any other
amount to the County Judges' and Commissioners' Associa-
tion of Texas out of any funds of the county. If said
amount is paid, it must be paid personally by the county
judge and the commissioners.

Trusting that the foregoing fully answers your
inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:OO

APPROVED FEB 15, 1941

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN